IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Christopher D. Crockett,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:12cv1503 (AJT/TRJ) |
| | ) | |
| **E. W. Jones,** | ) | |
| **Defendant.** | ) | |

MEMORANDUM OPINION

Christopher D. Crockett, a Virginia inmate acting pro se, filed this action pursuant to 42 U.S.C. § 1983, seeking monetary damages for an alleged application of excessive force during his arrest in violation of the Fourth Amendment. The matter is now before the Court on defendant Evan W. Jones's Motion for Summary Judgment, which was filed along with a supporting brief and exhibits on October 14, 2013. Dkt. Nos. 16-17. Plaintiff was provided with the notice required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), dkt. 18, and he filed a Brief in Opposition to Defendant's Motion on November 12, 2013 ("Pl.'s Resp."), dkt. No. 24. Defendant subsequently filed a Rebuttal Brief. Dkt. No. 25. Accordingly, this matter is now ripe for disposition. After careful consideration of all of the foregoing submissions, defendant's Motion for Summary Judgment will be granted, and summary final judgment will be entered in his favor.

### I. Factual Background

Uncontested Facts

Plaintiff and defendant's statements regarding the precipitating events parallel one another. On December 23, 2010, defendant Jones saw plaintiff walking in the vicinity of a Family Dollar store. Aff. Jones ¶¶ 2-3; pl.'s resp. ¶¶ 2-3. Defendant was in the area responding to a call of

armed robbery at the store. Aff. Jones ¶ 2. Upon seeing plaintiff, defendant asked him if he had seen anyone walking through the alley, to which plaintiff responded "no." Aff. Jones ¶ 3; pl.'s resp. ¶ 5. Defendant Jones states that he asked plaintiff for identification and as he was relaying the received information to dispatch plaintiff ran. Aff. Jones ¶4. Plaintiff denies ever being asked for identification, pl.'s resp ¶ 6, but states he began walking away as the conversation ended, id. at ¶ 7. Both defendant and plaintiff agree that at some point shortly after defendant's question about seeing anyone in the alley, plaintiff ran and defendant gave chase. Aff. Jones ¶ 4; pl.'s resp. ¶¶ 7-8. At this point, the parties' allegations diverge.

Defendant's Allegations

Defendant states that he yelled to plantiff, "stop, you are under arrest," but that plaintiff did not stop running. Aff. Jones ¶ 4. Defendant states that he apprehended plaintiff by tackling him from behind and bringing him to the ground. Id. He states that "at no time did I remove my service revolver from its holster during my interactions with Crockett, nor did I hit Crockett with my weapon." Id. at ¶ 5. Rather, he put him in handcuffs and then, with the help of another officer, put plaintiff in the back of his patrol car and took him to a magistrate judge to secure an arrest warrant. Id. at ¶¶ 8-9, 11, 13. He states that "at no time" did plaintiff "complain of any injuries, nor did I observe any visible injuries." Id. at ¶ 14. After an arrest warrant was issued, Plaintiff was taken to the Petersburg City Jail.

In support of his Motion for Summary Judgment, defendant has attached the affidavit of Vanessa Crawford, the Sheriff of the City of Petersburg, as well as a report of plaintiff's medical examination that was done upon his intake, as his exhibit A. Sheriff Crawford attests that it is prison policy to deny admittance to any prisoner if he or she complains of "any medical condition

2

requiring immediate medical attention or complains of or shows signs of obvious injury, unless or until he has been cleared by a hospital." Aff. Crawford. at ¶ 2. She then states that had plaintiff complained of or showed signs of obvious injury, he would have been denied admittance to the jail, pursuant to jail policy. Id. at ¶ 2. She goes on to state that the only medical problem plaintiff complained of during the intake process was back problems. Id. at ¶ 5. In defendant's exhibit A, the only ailment listed as reported or observed upon intake is back pain; the medical report is signed by plaintiff.

Plaintiff's Allegations

Plaintiff alleges that as he was running defendant said "stop or I'll shoot," pl.'s resp. at ¶ 8. Upon looking behind him, he states he saw defendant running toward him with his service weapon in his right hand. Id. Plaintiff states that he was knocked down when he was hit by another officer's squad car. Id. at ¶ 9. Plaintiff "admits to being on the ground with hands in the air on both knees stating, 'alright, I'm down, I'm down.'" Id. at ¶ 10. He alleges that while down on the ground several officers "piled onto" him and then defendant Jones "with one hand on Crockett's back and kneeling on his right knee swung his right arm and hit [plaintiff] with the butt of his service weapon once, on [plaintiff's] upper lip." Id. at ¶ 12. Plaintiff states his tooth was knocked out and that when he told defendant this, defendant allegedly responded, "shit." Id. at ¶¶ 13, 15. Plaintiff states that he then went "downtown to receive a warrant," id. at ¶ 16, and then was escorted to Petersburg City Jail around 9:00pm, id. at ¶ 17. Plaintiff alleges the he "tried numerous times to receive medical attention from Petersburg City Jail. Id. at ¶17. Plaintiff's original complaint had no attachments; his amended complaint included copies of two inmate request forms that inquired about legal mailing.

3

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the

evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

The nonmoving party, however, may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). This is true even where the nonmoving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings; a "declaration under oath . . . is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994).

### III.   Analysis

Summary judgment in favor of Officer Jones is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that the amount of force he used in restraining plaintiff was reasonable given the circumstances. In Graham v. Connor, 490 U.S. 386, 394 (1989), the Supreme Court instructed that "[i]n addressing an excessive force claim brought under [42 U.S.C.] § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Essential to this determination is plaintiff's status —whether he was an arrestee or a pre-trial detainee—at the time of the use of force. Id. The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person. Id. at 388. In Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit instructed that a person is an "arrestee" when an officer decides to detain him and that the Fourth Amendment applies only to the single act

of the arrest.

Under the uncontested facts in this record, plaintiff was an "arrestee" at the time of the events giving rise to his complaint. Aff. Jones ¶¶ 4, 8; pl.'s resp. ¶¶ 8, 16 (agreeing that plaintiff ran from defendant and was subsequently arrested). Accordingly, his claim of excessive force properly is analyzed under the Fourth Amendment's standard of reasonableness. See Vathekan v. Prince George's County, 154 F.3d 173, 178 (4th Cir. 1998). "The 'reasonableness' inquiry in an excessive force case [governed by the Fourth Amendment] is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted). Further, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. at 396 (internal citation omitted). The extent of injury suffered by the arrestee is relevant, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley v. Albers, 475 U.S. 312, 321 (1986), and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts." Id. at 1178-79. A district court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (citing United States v. Place, 462 U.S. 696, 703 (1983)). The outcome of this balancing test necessarily

depends on the facts and circumstances of the particular case." Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988).

In addition, in Justice v. Dennis, 834 F.2d 380, 383 (4th Cir.1987), judgment vacated, 490 U.S. 1087 (1989), the Fourth Circuit approved jury instructions which defined the standard for evaluating a claim of excessive force perpetrated by a police officer as whether the force was so "brutal, demeaning and harmful as literally to shock the conscience of a court." Other factors to be considered in an excessive force claim are " 'the need for the application of the force; ... the relationship between the need for the force and the amount of force used; ... [and] the extent of injury inflicted.' " Id.; see also, Bailey v. Turner, 736 F.2d 963, 965 (4th Cir.1984) (framing test as whether use of force "shocks the conscience" or has been applied "maliciously and sadistically for the purpose of causing harm").

Defendant has shown that he used reasonable force and his motion for summary judgment will be granted. Defendant submitted the affidavit of Vanessa Crawford, Sheriff of the City of Petersburg. In her affidavit, the sheriff states that had plaintiff requested medical assistance or had visible injuries, such as the "excessive injuries including knocking out of teeth . . . excessive blood loss, bruising lacerations of the mouth, and swelling" that plaintiff alleged, am. compl. 1, the jail would not have admitted him. Aff. Crawford ¶ 3. She states that it is the jail's policy to send prisoners who "complain of any medical condition requiring immediate medical attention or complains of or shows signs of obvious injury to a hospital." Id. ¶ 2. This is supported by defendant's exhibit A, the medical examination report done on plaintiff during Petersburg City Jail's intake process. Mot. Summ. J Ex. A. This report shows that plaintiff only complained of back pain during his intake on December 24, 2010, and the report bears plaintiff's own

signature. Id.

Further, defendant also submitted his own affidavit in which he states that he never removed his gun from his holster and at no time struck plaintiff. Aff. Jones ¶ 5. As such, it appears that defendant's arrest of plaintiff by tackling him from behind after plaintiff ran from him was "objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." See Graham, 490 U.S. at 397 (citations omitted).

Here, the factual allegations in "plaintiff's response in opposition to defendant's summary judgment motion" amount to nothing more than a conclusory recapitulation of the complaint, without additional supporting evidence. Plaintiff alleges that defendant used his gun to hit plaintiff in the mouth during his arrest but he submits nothing beyond his own statement in support of this allegation. Am. Compl. at 3; pl.'s resp. ¶ 12. Thus, plaintiff's pleading is insufficient to defeat defendant's summary judgment motion. Doyle v. Sentry Ins., 877 F.Supp.1002, 1005 (E.D. Va. 1995) (Merhige, J.) (to defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations or denials contained in the pleadings."). As such, defendant has established that he is entitled to judgment as a matter of law. Thus, it is unnecessary for the Court to address his arguments on the question of qualified immunity.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted, and summary judgment will be entered in his favor. An appropriate Order and Judgment shall issue.

Entered this _2nd_ day of _December_ 2013.

Alexandria, Virginia

_/s/_
Anthony J. Trenga
United States District Judge